

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH BEVLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-0007** |
| **THE UNITED STATES OF AMERICA** | **SECTION "T" (5)** |

Before this Court is a Motion for Partial Dismissal filed by the Defendant, The United States of America, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court, having studied the legal memoranda and exhibits submitted by the parties, the record, and the applicable law, is fully advised on the premises and ready to rule.

## ORDER AND REASONS

**I.   Background:**

The Plaintiff, Kenneth Bevley, is presently an inmate in the custody of the United States Bureau of Prisons. In April of 1997, while incarcerated at the Orleans Parish Prison, Bevley, a federal pretrial detainee at the time, began requesting medical attention for problems associated with hemorrhoids. Bevley claims that he was deprived of adequate medical attention throughout his tenure in the Orleans Parish Prison and the Tangipahoa Parish Jail ("TPJ"). Bevley was eventually

DATE OF ENTRY
JAN 1 2 2001



transferred to the U.S. Penitentiary in Beaumont, Texas, in November, 1998.

Bevley requested surgery for his hemorrhoids while he was in the custody of the Parish jails. But, before a federal prisoner can be sent to a specialty clinic, such as the surgery clinic, approval must be obtained from the United States Marshal Service (USMS). However, approval is not needed from the USMS in an emergency situation. Bevley claims that the United States of America, through U.S. Marshal William Ard, acted with deliberate indifference to his serious medical needs, violated his Eighth Amendment right to protection against cruel and unusual punishment, and violated his Fourteenth Amendment protection against the infliction of additional punishment. Specifically, Bevley asserts that Ard was responsible for denying his requests to undergo surgery while he was in the custody of the Parish jails.

At the time of the events described in Bevley's complaint, Ard was employed by the USMS and served as a Jail Liaison Officer. In this capacity, Ard reviewed requests for federal prisoners to be sent outside of TPJ for medical treatment. Ard based his decisions on the information provided to him by the medical personnel at TPJ. In every instance that Ard was contacted regarding Bevley's medical condition, Ard was told by TPJ medical personnel that Bevley's situation was not an emergency. Accordingly, Ard denied Bevley's requests.

In the present case, the Defendant, The United States of America, moves to dismiss only Bevley's claims alleging a violation of his Eight Amendment rights, deliberate indifference, and a violation of his Fourteenth Amendment protection against the infliction of additional punishment. The Defendant does not move to dismiss Bevley's claim pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675 (a). The United States bases its motion to partially dismiss on the ground of collateral estoppel, as the issues raised in Bevley's complaint already have been vigorously litigated and previously decided in <u>Kenneth Bevley v. Charles C. Foti, Jr.</u>, USDC, EDLA, CA No. 97-3156

"T" (5) ("Bevley 1997") See Defendant's Exhibit 4. In addition, the United States bases its motion on the ground of res judicata, as the claims brought against the United States in the instant action already have been decided with respect to Marshal Ard in Bevley 1997, thereby precluding the same claims against the United States, a party in privity to Marshal Ard. Finally, the United States argues that Bevley is precluded from bringing suit against the United States because the United States is a sovereign and thereby not a proper defendant for Bevley's constitutional claims.

**II.   Law and Analysis:**

*A.   The Law on Motions to Dismiss:*

A motion to dismiss for failure to state a claim upon which relief can be granted under FRCP 12(b)(6) "is viewed with disfavor and is rarely granted." Lowery v. Texas A&M University System, 117 F.3d 242, 247 (5th Cir. 1997); Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1980). A district court may not dismiss a complaint under FRCP 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Blackburn v. Marshall, 42 F.3d 925, 931 (5th Cir. 1995). The Fifth Circuit defines this strict standard as, "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." Lowrey, 117 F.3d at 247 (citing 5 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE §1357, at 601 (1969)).

### B. *The Law on Collateral Estoppel*:

First, the Court will address the Government's claim regarding issue preclusion. Collateral estoppel, or issue preclusion, prevents a party from contesting certain issues that were "previously decided in another proceeding." Taylor v. Charter Med. Corp., 162 F.3d 827, 832 (5th Cir. 1998). Collateral estoppel is applicable when "the facts and legal standard used to assess the facts are the same in both proceedings." Id. In F.D.I.C. v. Lee, 942 F.Supp. 255 (E.D. La. 1996), the court set forth four conditions required for issue preclusion/collateral estoppel to apply: 1) the issue under consideration in a subsequent action must be identical to the issue litigated in the prior action; 2) the issue must have been fully and vigorously litigated in the prior case; 3) the issue must have been necessary to support the judgment in the prior case; 4) there must be no special circumstances that would render preclusion inappropriate or unfair. Id. at 257 (citing United States v. Shanbaum, 10 F.3d 305, 311(1994)).

In the present case, the issues of whether Ard's actions constituted deliberate indifference to Bevley's medical needs, cruel and unusual punishment, and infliction of additional punishment previously were litigated in Bevley 1997. In that case, Bevley argued that Marshal Ard denied his request for an appointment at the surgery clinic without the benefit of any medical advice, training, or experience, and the denial was based solely on the representations of the medical personnel at the TPJ that Bevley's condition was not an emergency. See Defendant's Exhibit 1, paragraph 21. Accordingly, Bevley claimed that the action or inactions of U.S. Marshal Ard constituted deliberate indifference to his medical needs, violated his Eight Amendment right to protection against cruel and unusual punishment, and violated his Fourteenth Amendment protection against infliction of additional punishment. See id. at paragraphs 41 and 42.

With respect to claims mentioned above, the court in Bevley 1997 found no individual

4

liability on the part of U.S. Marshal Ard. See Defendant's Exhibit 4. The court dismissed Bevley's claims against Marshal Ard with prejudice, finding that the actions and inactions of Marshal Ard did not violate Bevley's Fourteenth Amendment protection against the infliction of additional punishment in violation of due process, did not constitute deliberate indifference to Plaintiff's serious medial needs, and did not violate his Eighth Amendment right to protection against cruel and unusual punishment. See id.

In Bevley 1997, a court of competent jurisdiction decided the exact issues raised by Bevley in the instant action and determined that U.S. Marshal Ard did not violate Bevley's rights by refusing to approve Bevley's requests for transfer to the surgery clinic. This prior finding of no individual liability on the part of Marshal Ard precludes the success of Bevley's present claims against the United States because the present claims are based on the identical issues already decided in Bevley 1997. Consequently, this Court finds that the exact issues raised in the present motion, with respect to the Plaintiff's Eighth Amendment claim, Fourteenth Amendment claim, and deliberate indifference claim, were previously litigated vigorously in the case of Bevley 1997. These issues were necessary to support the judgment in favor of Marshal Ard in Bevley 1997, and the Court finds that there are no special circumstances present in the instant case that render preclusion unfair or inappropriate. Accordingly, this Court finds that the doctrine of collateral estoppel precludes Bevley from contesting the exact same issues that were previously decided in Bevley 1997. Furthermore, because the Court finds that collateral estoppel bars the Plaintiff from relitigating these issues, it is not necessary for the Court to address the Government's other arguments in support of its Motion for Partial Dismissal.

**III. Conclusion:**

For the reasons set forth above, the Court finds that Bevley has failed to state a valid claim for relief with respect to his allegations of a violation of his Eight Amendment rights, deliberate indifference, and a violation of his Fourteenth Amendment protection against the infliction of additional punishment because those exact issues previously were litigated in the case of <u>Bevley 1997</u>. Accordingly,

**IT IS ORDERED** that the Defendant's Partial Motion to Dismiss (Doc. 10) be, and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's claim alleging a violation of his Eighth Amendment right to protection against cruel and unusual punishment be, and the same is hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Plaintiff's claim alleging a violation of his Fourteenth Amendment protection against the infliction of additional punishment be, and the same is hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Plaintiff's claim alleging deliberate indifference be, and the same is hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 11th day of January, 2001.

G. Thomas Porteous, Jr.
United States District Judge