2-1401

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN 22 PM 4:59

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KENNETH BEVLEY | * | CIVIL ACTION |
| v. | * | NUMBER: 00-0007 |
| UNITED STATES OF AMERICA | * | SECTION: "T" (5) |
| | * | |

\* \* \*

## DEFENDANT'S MOTION TO DISMISS, ALTERNATIVELY MOTION FOR SUMMARY JUDGEMENT

**NOW INTO COURT,** through undersigned Special Assistant United States Attorney, comes defendant, United States of America, who respectfully moves this Honorable Court pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, as follows:

1.

This Court lacks subject matter jurisdiction under the Federal Tort Claims Act, 28 U.S.C § 2675(a), because of the discretionary function exception, 28 U.S.C. § 2680, bars this claim against the United States based upon the exercise of a discretionary function or duty on the part of a federal agency or employee of the Government.

Fee_____
Process_____
X Dktd_____
CtRmDep_____
Doc.No._____

**WHEREFORE,** defendant, United States of America, prays that this motion be granted and Plaintiff's claims under the FTCA be dismissed at Plaintiff's costs.

Respectfully Submitted,

**EDDIE J. JORDAN, JR.**
**UNITED STATES ATTORNEY**

**BY:** _____
**ORELIA E. MERCHANT**
**Special Assistant United States Attorney**
LA Bar #26086
Hale Boggs Federal Building
501 Magazine Street, 2nd Floor
New Orleans, Louisiana 70130
Telephone: (504) 680-3163
Fax: (504) 589-3602

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon counsel for all represented parties to this proceeding by mailing the same to each by first class United States mail, properly addressed and postage prepaid on January 22, 2001.

_____
ORELIA E. MERCHANT
Special Assistant United States Attorney

# UNITED STATES  DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENNETH BEVLEY** | * | **CIVIL ACTION** |
| **v.** | * | **NUMBER:  00-0007** |
| **UNITED STATES OF AMERICA** | * | **SECTION:  "T" (5)** |
| | * | |

\*      \*      \*

## STATEMENT OF UNDISPUTED FACTS

1.      Plaintiff, Kenneth Bevley, is presently an inmate in the custody of the United States Bureau of Prisons.  He was transferred to the U. S. Penitentiary in Beaumont, Texas in November of 1998.  *See* Rec. Doc. 1, ¶ 29.  In April of 1997, while incarcerated as a federal pretrial detainee, he began requesting medical attention for problems associated with hemorrhoids.  [Complaint, ¶ 13]

2       Bevley requested surgery for his hemorrhoids while he was in the custody of the Parish jails

1

3       Before a federal prisoner can be sent to a specialty clinic, such as the surgery clinic, approval must be obtained from the United States Marshals Service (USMS). [Rec Doc 17, Order and Reasons, p. 2]

4       Approval for surgery or a surgery clinic request is not needed from the USMS in a emergency situation. Id.

5.      Bevley asserts that USMS, through its employee William Ard, was responsible for denying his requests to undergo surgery while he was in the custody of the Parish jails. Id.

6.      At the time of the events described in Bevley's complaint, Ard was employed by the USMS and served as a Jail Liaison Officer. In this capacity, Ard reviewed requests for federal prisoners to be sent outside of TPJ for medical treatment. Id.

7       Ard based his decisions on the information provided to him by the medical personnel at TPJ. Id. In every instance that Ard was contacted regarding Bevley's medical condition, Ard was told by TPJ medical personnel that Bevley's situation was not an emergency

8.      At the time complained by plaintiff, when the USMS was contacted by prison medical personnel to approve surgery clinic appointments or requests for surgery for pre-trial

2

detainees, USMS employees receiving the request were required to determine whether the request should be approved or denied based upon information provided to them by the attending medical care provider and the USMS policy  After reviewing the request and considering the recommendation of the medical personnel, a USMS employee receiving a request to be sent to a specialty clinic had the discretion to approve or deny a request. [Exhibit A, Declaration of Patricia Macherey, ¶ 12-13]

9        The USMS policies and procedures respective to inmates being seen at outside medical facilities are based not only on budgetary reasons, but on security concerns as well. [Exhibit A, Declaration of Patricia Macherey, ¶ 3; Rec Doc. 10, Defendant's Partial Motion to Dismiss, Exhibit 2B, Affidavit of William Ard, ¶5]

10        Ard exercised judgment and discretion when he denied Plaintiff's request to be sent to a specialty clinic to receive a hemorrhoidectomy.

3

The above facts are believed to be undisputed and therefore present a proper subject for a motion for summary judgment in that there exists no genuine issue of material fact between Plaintiff and Defendant herein. Therefore, defendant, the United States, is entitled to judgment as a matter of law

Respectfully Submitted,

**EDDIE J. JORDAN, JR.**
**UNITED STATES ATTORNEY**

**BY:** _____

**ORELIA E. MERCHANT**
**Special Assistant United States Attorney**
LA Bar #26086
Hale Boggs Federal Building
501 Magazine Street, 2nd Floor
New Orleans, Louisiana 70130
Telephone: (504) 680-3163
Fax: (504) 589-3602

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon counsel for all represented parties to this proceeding by mailing the same to each by first class United States mail, properly addressed and postage prepaid on January 22, 2001.

_____
ORELIA E. MERCHANT
Special Assistant United States Attorney

4

UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENNETH BEVLEY** | * | **CIVIL ACTION** |
| **v.** | * | **NUMBER:  00-0007** |
| **UNITED STATES OF AMERICA** | * | **SECTION:  "T" (5)** |
| | * | |

\*    \*    \*

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, ALTERNATIVELY MOTION FOR SUMMARY JUDGEMENT

MAY IT PLEASE THE COURT:

The moving party, the United States of America, urges this Honorable Court to dismiss Plaintiff's Complaint because this court lacks subject jurisdiction under the Federal Tort Claims Act (FTCA), 28 U.S C. § 2675(a).

**I.       STATEMENT OF THE CASE**

Plaintiff, Kenneth Bevley, is presently an inmate in the custody of the United States Bureau of Prisons. *See* Rec. Doc. 1, Complaint.  In April of 1997, while incarcerated as a federal pretrial detainee, he began requesting medical attention for problems associated with hemorrhoids. *See* Rec.

1

Doc 1, Complaint, ¶ 13   Plaintiff claims he was deprived adequate medical attention throughout his tenure in Orleans Parish Prison and Tangipahoa Parish Jail ("TPJ"). *See* Rec. Doc. 1, Complaint. Plaintiff was transferred to the U S. Penitentiary in Beaumont, Texas in November of 1998. *See* Rec Doc. 1,  ¶ 29.

Bevley requested surgery for his hemorrhoids while he was in the custody of the Parish jails *See* Rec Doc 17, Order and Reasons, p 2.  But before a federal prisoner can be sent to a specialty clinic, such as the surgery clinic, approval must be obtained from the United States Marshals Service (USMS).  Id.  However, approval is not needed from the USMS in a emergency situation. Id  Bevley asserts that USMS, through its employee William Ard, was responsible for denying his requests to undergo surgery while he was in the custody of the Parish jails.  Id.

At the time of the events described in Bevley's complaint, Ard was employed by the USMS and served as a Jail Liaison Officer  *See* Rec Doc 17, Order and Reasons, p. 2  In this capacity, Ard reviewed requests for federal prisoners to be sent outside of TPJ for medical treatment.  Id.  Ard based his decisions on the information provided to him by the medical personnel at TPJ.  Id.  In every instance that Ard was contacted regarding Bevley's medical condition, Ard was told by TPJ medical personnel that Bevley's situation was not an emergency. *See* Rec. Doc. 10, Defendant's Motion for Partial Dismissal, Exhibit 2B, Affidavit of William Ard.

Dr. Bert Ducote is a physician employed at Lallie Kemp Medical Center, and as part of his duties, Dr Ducote attends to prisoners housed at TPJ. *See* Rec. Doc. 10, Defendant's Motion for Partial Dismissal, Exhibit 2A, Affidavit of Dr. Bert Ducote.  Dr. Bert Ducote examined and treated Plaintiff several times while Plaintiff was confined at TPJ.  Id.

At no time during Plaintiff's tenure at TPJ was Plaintiff's need for a hemorrhoidectomy

2

an emergency nor did it constitute a serious medical condition, and Plaintiff did not suffer significant or serious injury as a result of not having a hemorrhoidectomy during his tenure at TPJ. *See* Rec Doc 10, Defendant's Motion for Partial Dismissal, Affidavit of Dr. Ben Ducote - Exhibit 2A and Affidavit of William Ard - Exhibit 2B.

Plaintiff's claims alleging a violation of his Eighth Amendment right to protection against cruel and unusual punishment and Fourteenth Amendment protection against the infliction of additional punishment, and deliberate indifference were dismissed by this Court. *See* Rec. Doc 17, Order and Reasons.

The only remaining issue is Plaintiff's allegation that the United States is made a Defendant pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C § 2675(a). *See* Rec. Doc. 1, Complaint, ¶ 9 [1]

As shown from the pleadings, the law, the attached Statement of Undisputed Facts, and the attached exhibit, there are no genuine issues of material fact, and Defendant is entitled to a judgment as a matter of law. *See* Fed. R. Civ. P. Rule 56 (c).

The attached exhibit is:

| | |
|---|---|
| Exhibit A | Declaration of Patricia Macherey; |
| Exhibit B | Affidavit of William Ard (Copy) |

---

[1] In his Complaint, Plaintiff states that jurisdiction is proper under the FTCA. But Plaintiff's complaint only asserts a statement of a claim and demand for judgement and relief for alleged constitutional violations which were dismissed by this Court. The Complaint is void of a statement of a claim or demand for judgment or relief under the FTCA.

Defendant assumes that the grounds for Plaintiff's FTCA claims are those same facts plead in its constitutional claims. Thus, it is assumed that Plaintiff's claim is that USMS employee, William Ard, was negligent or wrongful in his denial of Plaintiff's surgery or surgery clinic requests.

## III.    **STANDARD OF REVIEW**

### A.    **Motion to Dismiss - Rule 12(b)(1)**

An action must be dismissed if it appears that the Court does not possess subject matter jurisdiction over the plaintiff's claims. Fed.R.Civ.P. Rule12(b)(1), (h)(3). As the party invoking jurisdiction, the plaintiff carries the burden of establishing subject matter jurisdiction. Kokkonen v Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Unlike the district court's review of a Rule 12(b)(6) motion to dismiss, the Court may examine evidence outside of the pleadings when deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

It is well established that the district court may base its decision on a Rule 12(b)(1) motion on "'(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; and (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir.1996) *(quoting* Williamson v Tucker, 645 F.2d 404, 413 (5th Cir.1981)).

### B.    **Summary Judgment - Rule 56**

Summary Judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R Civ P 56 (c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). In addition, as pointed out by the court in United States of America v. Luwisch, 1998 WL 830647 (E.D. LA.) (Vance, Dist. J.), "the Fifth Circuit has suggested that a 'more lenient standard for summary judgment' exists in nonjury cases." United States Fidelity and Guaranty Co. v. Planters Bank & Trust Co., 77 F.3d 863 (5th Cir.1996). Specifically, at the summary judgment stage of a bench trial, the judge may have "the limited

4

discretion to decide that the same evidence, presented to him or her as trier of fact in a plenary trial, could not possibly lead to a different result." Id. at 866. That is, "if there are no issues of witness credibility, the court may conclude on the basis of the affidavits, depositions, and stipulations before it, that there are no genuine issues of material fact, even though decision may depend on inferences to be drawn from what has been incontrovertibly proved." Id.

## IV.    LAW AND ARGUMENT

### A.    PLAINTIFF'S FTCA CLAIM IS PRECLUDED BY THE DISCRETIONARY FUNCTION EXCEPTION, 28 U.S.C. § 2680

The United States as a sovereign, is immune from suit, except to the extent that it has waived its sovereign immunity. United States v. Mitchell, 463 U.S. 206 (1983); United States v. Orleans, 425 U.S. 807, 813-814 (1976); Advanced Materials, Inc. v. U.S., 955 F. Supp. 58 (E.D La 1997). Congress waived the federal government's immunity under limited circumstances by the passage of the FTCA As with all statutes, the waiver of sovereign immunity must be strictly construed. Owen v. United States, 935 F.2d 734 (5th Cir. 1991); Levrie v. Department of Army, 810 F.2d 1311, 1314 (5th Cir. 1987).

The basis for jurisdiction in this matter, the FTCA, grants jurisdiction for actions involving the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his or her office or employment. 28 U.S.C. §2679 (b)(1); 28 U.S.C. § 1346 (b). However, this waiver is subject to several significant exceptions under which the United States remains immune from suit. See 28 U.S.C. § 2680. Specifically, one such exception is § 2680(a) of the FTCA, which preserves the United States' sovereign immunity from tort for:

> "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise

5

or perform a discretionary function or duty on the art of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

This is known as the "discretionary function exception" to the FTCA. This subsection contains two clauses beginning with "based upon" and separated by the the disjunctive "or." These clauses set forth two separate exceptions to the FTCA. <u>Buchanan v. United States</u>, 915 F.2d 969, 970-71 (5th Cir 1990) <em>(citing</em> <u>Lively v. United States</u>, 870 F.2d 296, 297 (5th Cir. 1989)). The first clause, exempting action mandated by statute or regulation, applies only if the actor exercised due care. <u>Buchanan</u> at 971  The second clause, exempting actions based on the discretionary function, contains no due care requirement. <u>Id.</u>  This clause exempts the decisions of government employees at every level, acting in the exercise of discretion, from judicial scrutiny. <u>Id.</u>

If the liability asserted under the FTCA falls within the "discretionary function" exception contained in § 2680 (a), the federal district court lacks subject matter jurisdiction to decide the case, and dismissal under Federal Rule of Civil Procedure 12(b)(1) is then appropriate. <u>Dalehite v. U.S.</u>, 346 U.S. 15, 31 (1952). It is the Government's position that it is protected from suit in this case under the "discretionary function" exception to the FTCA because USMS employee Ard's decision to deny Plaintiff's surgery requests is protected discretionary activity exempted from suit under the FTCA.

"The discretionary function exception . . . marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." <u>United States v. Varig Airlines</u>, 467 U.S. 797, 808 (1984). Applicability of the discretionary function exception is therefore a threshold jurisdictional issue which precedes any negligence analysis. <u>Domme v. United States</u>, 61 F.3d 787, 789 (10th Cir. 1995). "[O]nly if the United States waives its sovereign immunity pursuant

to the FTCA does the question of whether the government owes the plaintiff a duty of care under state law arise." Id.

In determining whether the discretionary function exception applies to particular governmental conduct, courts apply the two-step analysis developed by the Supreme Court in Berkovitz v. United States, 486 U.S. 531 (1988)· (1) whether the challenged conduct of involves an element of judgment or discretion, and  (2) whether the challenged conduct grounded in social, political, economic or other policy considerations.

### 1.    USMS Employee, Ard's Decision To Deny Plaintiff's Surgery Requests Involved Use of His Judgement or Discretion

In applying the two-step analysis for Berkovitz, "a court must first consider whether the action is a matter of choice for the acting employee." Berkovitz, 486 U S. at 536; *see also* United States v. Gaubert, 499 U.S. 315, 322 (1991).

At the time complained by plaintiff, when the USMS was contacted by prison medical personnel to approve surgery clinic appointments or requests for surgery for pre-trial detainees, USMS employees receiving the request were required to determine whether the request should be approved or denied based upon information provided to them by the attending medical care provider and the USMS policy.  *See* Exhibit A, Declaration of Patricia Macherey, ¶ 12.  After reviewing the request and considering the recommendation of the medical personnel, a USMS employee receiving a request to be sent to a specialty clinic had the discretion to approve or deny a request.  *See* Exhibit A, Declaration of Patricia Macherey, ¶ 13.

The USMS policies and procedures respective to inmates being seen at outside medical facilities are based not only on budgetary reasons, but on security concerns as well.  *See* Exhibit A, ¶ 3,  Rec Doc. 10, Defendant's Motion for Partial Dismissal, Affidavit of William Ard, Exhibit 2B,

¶5  In each and every instance that Ard was contacted by the TPJ medical staff, he was told that Plaintiff's medical condition and his need for a hemorrhoidectomy was not an emergency situation and did not constitute a serious medical condition. *See* Rec. Doc. 17, Order and Reasons, p. 2; *See* Rec. Doc. 10, Defendant's Motion for Partial Dismissal, Exhibit 2A - Affidavit of Dr. Ducote and Exhibit 2B - Affidavit of William Ard. Based on TPJ's medical personnel's representation of Plaintiff's medical condition and after considering the USMS policies regarding prisoners medical care, Ard decided to deny Plaintiff's request. *See* Rec. Doc. 10, Defendant's Motion for Partial Dismissal, Exhibit 2B - Affidavit of William Ard, ¶ 7. Ard exercised judgment and discretion when he denied Plaintiff's request to be sent to a specialty clinic to receive a hemorrhoidectomy.

### 2.    USMS Conduct Was Grounded in Policy Considerations

The next question under the Berkovitz analysis is whether the discretionary decision by the USMS employee Ard to deny Plaintiff's requests for surgery was based on consideration of public policy. In Gaubert, the Supreme Court's most recent case involving the discretionary function exception, the Court stated:

> When established governmental policy . . . allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion. . . . The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by . . . regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis.

Gaubert, 499 U.S. at 324-25.

Prisoners in custody of USMS are generally trial and pre-trial detainees. It is the policy of the USMS to ensure that all USMS prisoners receive medically necessary health care while at the same time ensuring that federal funds are not expended for unnecessary or unauthorized health care services. *See* Exhibit A, ¶ 3. It is not the policy of the USMS to provide either elective or preventative medical care. *See* Exhibit A, ¶ 5. However, approval does not need to be obtained from

the USMS for emergency medical care for a USMS prisoner. *See* Exhibit A, ¶ 6.

The rationale behind this policy is that prisoners in the custody of the USMS are usually in USMS custody for a short period of time (less than a year) during their pre-trial and trial-phase. *See* Exhibit A, ¶ 7  As such, many medically appropriate, non-emergency procedures can be delayed until after the prisoner's judicial status is resolved, as long as there is no health risk to the prisoner. Id.  In addition to the costs of actual medical care, the transport of prisoners to a specialty clinic involve considerations of prisoner security and logistical constraints, as well as staffing and transportation of costs

USMS defines reasonable and medically necessary care as not primarily for the personal comfort or convenience of the patient. *See* Exhibit A, ¶ 9.  Ard's decision to deny the surgery or surgery clinic requests of Bevley, a pre-trial detainee who was in USMS custody for a short period of time, is a discretionary function of the United States according to the test set out in Berkovitz and Gaubert  First the decision was an act involving judgment or choice on the part of Ard.  Second, this decision was based upon considerations of public policy, namely economic and security considerations.  Because this decision falls within the discretionary function exception to the FTCA's waiver of sovereign immunity, this Court lacks subject matter jurisdiction to hear this claim.

9

## V.    **CONCLUSION**

For the foregoing, Defendant respectfully moves for the dismissal of Plaintiff's

complaint at Plaintiff's costs.

Respectfully submitted,

EDDIE J. JORDAN, JR.
UNITED STATES ATTORNEY

ORELIA E. MERCHANT (26086)
Special Assistant United States Attorney
Hale Boggs Federal Building
501 Magazine Street, 2nd Floor
New Orleans, Louisiana 70130
Telephone: (504) 680-3163

10

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been forwarded to all counsel of record in this proceeding by placing the same in the United States Mail, properly addressed and postage prepaid on January 22, 2001.


ORELIA E. MERCHANT
Special Assistant United States Attorney

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENNETH BEVLEY** | * | **CIVIL ACTION** |
| **v.** | * | **NUMBER: 00-0007** |
| **UNITED STATES OF AMERICA** | * | **SECTION: "T" (5)** |
| | * | |

*   *   *

## NOTICE

TO:    *Kenneth Bevley, plaintiff*
*through attorney of record*
Tulane Law Clinic
6329 Freret Street
New Orleans, LA 70118

    **PLEASE TAKE NOTICE** that the undersigned will bring the foregoing motion for hearing before the **Honorable Judge G. Thomas Porteous, Jr.,** United States District Judge, United States District Court, E D LA, Hale Boggs Federal Building, Room C224, 500 Camp Street, New Orleans, Louisiana 70130, on **February 14, 2001**, at 10 00 o'clock A M

Respectfully Submitted,

**EDDIE J. JORDAN, JR.**
**UNITED STATES ATTORNEY**

BY: _____

**ORELIA E. MERCHANT**
**Special Assistant United States Attorney**
LA Bar #26086
Hale Boggs Federal Building
501 Magazine Street, 2nd Floor
New Orleans, Louisiana 70130
Telephone: (504) 680-3163

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon counsel for all represented parties to this proceeding by mailing the same to each by first class United States mail, properly addressed and postage prepaid on July 24, 2000.

ORELIA E. MERCHANT
Special Assistant United States Attorney

# UNITED STATES  DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENNETH BEVLEY** | * | **CIVIL ACTION** |
| **v.** | * | **NUMBER: 00-0007** |
| **UNITED STATES OF AMERICA** | * | **SECTION: "A" (5)** |
| | * | |

\*     \*     \*

## DECLARATION OF PATRICIA MACHEREY

I, Patricia Macherey, hereby declare under the provisions of 28 U.S. Code Section 1746 as follows:

1.     I am employed as the Chief of the Office of Interagency Medical Services, Prisoner Services Division, United States Marshals Service (USMS), Washington, D.C. I have served in this position since December 1993.

2.     My job duties have included development and implementation of the USMS Prisoner Medical Care Program and oversight of the USMS Aeromedical Program for the Justice Prisoner Alien Transportation System (JPATS).

3.     It has been the policy of the USMS to ensure that all USMS prisoners receive medically necessary health care while at the same time ensuring that federal funds are not expended for unnecessary or unauthorized health care services.

4.     The USMS has authority upon the recommendation of a competent medical authority or physician to acquire and pay for medically necessary care to ensure the well-being of all USMS prisoners.



GOVERNMENT
EXHIBIT

_A_

1

5.      It is not the policy of the USMS to provide either elective or preventative medical care.

6.      Approval does not need to be obtained from the USMS for emergency medical care for a USMS prisoner.

7.      Prisoners in the custody of the USMS are usually in USMS custody for a short period of time during their pre-trial and trial-phase.  It is the policy of the USMS that many medically appropriate, non-emergency procedures can and should be delayed until after the prisoner's judicial status is resolved, as long as there is no health risk to the prisoner.

8.      Treatment of pre-existing conditions which are not life-threatening or medially necessary should be delayed until after the prisoner's judicial status is resolved.

9.      USMS defines reasonable and medically necessary care as not primarily for the personal comfort or convenience of the patient.

10.      Generally, a hemorrhoidectomy is considered an elective procedure and does not constitute an emergency or serious medical condition.

11.      These above stated policies  were in place before and including 1997,  and have been subsequently codified in the USMS Prisoner's Health Care Standards, dated August 1999.

12.       Prior to August 1999, when the USMS was contacted by prison medical personnel to approve surgery clinic appointments or requests for surgery for pre-trial detainees, USMS employees receiving the request were required to determine whether the request should be approved or denied based upon information provided to them by the attending medical care provider and the USMS policy explained above.

13.      After reviewing the request, considering the recommendation of the attending physician, and in keeping with the above stated policies, the USMS employee receiving the

2

request had the discretion to approve or deny a request for surgery.

14.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 18th day of January, 2001.


Patricia Macherey
Chief, Office of Interagency Medical Services
Prisoner Services Division
United States Marshals Service
600 Army Navy Drive
Arlington, Virginia 22202-4210

3