

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH BEVLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-0007** |
| **THE UNITED STATES OF AMERICA** | **SECTION "T" (5)** |

Before this Court is a Motion to Dismiss, or in the alternative, a Motion for Summary Judgment filed by the Defendant, The United States of America, pursuant to Rules 12(b)(1) and 56 of the Federal Rules of Civil Procedure. This cause came for hearing on February 14, 2001, without oral argument. The Court, having studied the legal memoranda and exhibits submitted by the parties, the record, and the applicable law, is fully advised on the premises and ready to rule.

### ORDER AND REASONS

**I.   BACKGROUND**

The Plaintiff, Kenneth Bevley, is presently an inmate in the custody of the United States Bureau of Prisons. In April of 1997, while incarcerated at the Orleans Parish Prison, Bevley, a federal pretrial detainee at the time, began requesting medical attention for problems associated with hemorrhoids. Bevley claims that he was deprived of adequate medical attention throughout his tenure in the Orleans Parish Prison and the Tangipahoa Parish Jail ("TPJ"). Bevley was eventually transferred to the U.S. Penitentiary in Beaumont, Texas, in November, 1998.

Bevley requested surgery for his hemorrhoids while he was in the custody of the Parish jails. But, before a federal prisoner can be sent to a specialty clinic, such as the surgery clinic, approval must be obtained from the United States Marshal Service (USMS). However, approval is not needed from the USMS in an emergency situation. At the time of the events described in Bevley's complaint, William Ard was employed as a Jail Liaison Officer by the USMS. In this capacity, Ard reviewed requests from federal prisoners to be sent outside of TPJ for medical treatment and decided whether the individual situation warranted granting the requests. Ard based his decisions on the information provided to him by the medical personnel at TPJ. In every instance that Ard was contacted regarding Bevley's medical condition, Ard was told by TPJ medical personnel that Bevley's situation was not an emergency. Accordingly, Ard denied Bevley's requests.

In the present motion, the Defendant seeks the dismissal of Bevley's claim brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675(a) ("FTCA"). Specifically, the United States argues that it is "protected from suit in this case under the 'discretionary function' exception to the FTCA because USMS employee Ard's decision to deny Plaintiff's surgery requests is [a] protected discretionary activity exempted from suit under the FTCA." (Defendant's Memorandum in Support of Motion to Dismiss, Alternatively Motion for Summary Judgment, page 6). The Plaintiff, however, argues that the "discretionary function" does not apply in the present case because this case "involves negligence by a low level government employee." (Plaintiff's Memorandum in Opposition to Motion to Dismiss, Section IV.A). Alternatively, the Plaintiff argues that even if the "discretionary function" exception applies, "a due care requirement still exists which renders [the] defendant liable in this case." Id.

## II. LAW AND ANALYSIS

### A. Law on Motions to Dismiss:

In order for a district court to maintain an action, the Court must possess subject matter jurisdiction over the Plaintiff's claim. FED. R. CIV. P. 12(b)(1). In deciding whether subject matter jurisdiction is proper in a case, a court may examine the plaintiff's complaint, as well as any undisputed facts evidenced in the record. See Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996). In addition, a court may resolve disputed facts on its own in determining whether subject matter jurisdiction is proper in a case. Id. If subject matter jurisdiction is lacking in a case, then the court must dismiss the case pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 12(b)(1).

### B. Law on Motions for Summary Judgment

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. Stults v. Conoco, Inc., 76 F.3d 651, 655-56 (5th Cir. 1996) (citing Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912-13 (5th Cir.) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that

there is a *genuine issue for trial*." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis supplied); Tubacex, Inc. v. M/V RISAN, 45 F.3d 951, 954 (5th Cir. 1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." Matsushita Elec. Indus. Co., 475 U.S. at 588. Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In the present case, because the parties have submitted evidence in addition to the pleadings themselves, this Court will treat the instant Motion as a Motion for Summary Judgment rather than a Motion to Dismiss.

### C. The "Discretionary Function" Exception to the Federal Tort Claims Act

The United States, as a sovereign, is immune from suit except to the extent that it has waived its sovereign immunity. See Perkins v. United States, No.CIV.A. 98-2636, 1999 WL 148442, * 2 (E.D.L.A. March 17, 1999)(Sear, J.) (citing United States v. Mitchell, 436 U.S. 206 (1983)). The FTCA waives the federal government's immunity under limited circumstances. However, this waiver of immunity under the FTCA must be strictly construed. See id. (citing Owen v. United States, 935 F.2d 734 (5th Cir. 1991)).

The FTCA confers jurisdiction upon federal district courts over actions against the United States "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). However, the waiver of immunity contained in the FTCA is subject to several significant exceptions. One such exception, the "discretionary function" exception, preserves the Government's sovereign immunity by stating that

the FTCA does not apply to:

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the party of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

The discretionary function exception sets forth two separate exceptions to the FTCA. See Buchanan v. United States, 915 F.2d 969, 970 (5th Cir. 1990) (citing Lively v. United States, 870 F.2d 296, 297 (5th Cir. 1989)). The first clause exempts actions mandated by statute or regulation and applies only to situations in which the actor exercised due care. Id. at 971. The second clause exempts actions based on a discretionary function and, contrary to the Plaintiff's belief, does not contain a due care requirement. Id. It is the second clause of 28 U.S.C. § 2680(a) that is at issue in the present case.

The discretionary function exception "reflects a congressional intent to 'prevent judicial "second guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.'" Id. (quoting United States v. S.A. Empresa de Viacoao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 814, 104 S.Ct. 2755, 2765, 81 L.Ed.2d 660, 674-75 (1984)). In simplest terms, it "exempts the decisions of government employees at every level, acting in the exercise of their discretion." Id.

In determining whether the discretionary function exception applies in a particular situation, courts must apply a two-step analysis. See Berkovitz v. United States, 486 U.S. 531, 536, 108 S.Ct. 1954, 1958 (1988). First, a court must consider whether the action in question "is a matter of choice for the acting employee." Id. In this respect, the action must involve an element of judgment on the

part of the actor. See id. Second, if the challenged conduct does involve an element of judgment, a court must "determine whether that judgment is of a kind that the discretionary function exception was designed to shield." Id. That is, the challenged conduct must be based on considerations of public policy. See id. at 537 (citing Dalehite v. United States, 346 U.S. 15, 36, 73 S.Ct. 956, 968, 97 L.Ed.. 1427 (1953)). In sum, as the Supreme Court stated in Berkovitz, "the discretionary function exception insulates the Government from liability if the action challenged in the case involves the permissible exercise of policy judgment." Berkovitz, 486 U.S. at 537.

In the present case, the United States argues that Marshal Ard's decision to deny Bevley's surgery request was an action involving judgment and discretion. In support of this claim, the United States submitted the declaration of Patricia Macherey, the Chief of the Office of Interagency Medical Services, Prisoner Services Division of the United States Marshals Service. See Defendant's Exhibit A. In describing the responsibility of Marshal Ard in the challenged situation, Macherey stated the following:

> when the USMS was contacted by prison medical personnel to approve surgery clinic appointments or requests for surgery for pre-trial detainees, USMS employees receiving the request[s] were required to determine whether the request should be approved or denied based upon information provided to them by the attending medical care provider and the USMS policy...that many medically appropriate, non-emergency procedures can and should be delayed until after the prisoner's judicial status is resolved, as long as there is no health risk to the prisoner.

Defendant's Exhibit A, page 2, ¶¶ 12 and 7.

The determination of whether or not to approve a pre-trial detainee's surgery request undoubtedly involves an element of judgment on the part of the decision-maker. In the present case, Ard was required to approve or deny the surgery request based on the information received from attending medical personnel in light of the USMS policy described above. See id. Macherey described this process as follows: "[a]fter reviewing the request, considering the recommendation

of the attending physician, and in keeping with the above stated [USMS] policies, the USMS employee receiving the request had the discretion to approve or deny a request for surgery." Id. at ¶ 13. Accordingly, this Court finds that the decision to deny Bevley's surgery request involved discretion and judgment on the part of Marshal Ard.

The United States further argues that Ard's discretionary decision to deny Bevley's surgery request was based on public policy considerations. See Defendant's Memorandum in Support of Motion to Dismiss, page 8. The United States explained that prisoners in custody of USMS are generally trial and pre-trial detainees who are typically in USMS custody for a short period of time. See id. at 8-9. When such prisoners request medical care, the USMS employee evaluates such a request while taking into consideration the USMS policy to ensure that prisoners in its custody receive medically necessary health care. See id. at 8. However, the USMS employee must also consider the economic aspect of the decision in order to ensure that federal funds are not expended for unnecessary or unauthorized treatment. Id. The USMS employee making such a decision must also take into account security and logistical concerns.

In the present case, the record is clear that Bevley's request for a hemorrhoidectomy was not considered an emergency situation or a serious medical condition. See Defendant's Reply Memorandum, Exhibit B, ¶¶ 5-10. Therefore, Ard's approval was required before Bevley could be transferred to the surgery clinic. In making that decision, this Court finds that Ard was required to weigh several competing policy concerns. See Defendant's Exhibit A, page 2, ¶¶ 3, 12. He had to take into account the medical necessity of the treatment based on the medical personnel's evaluations, the economic concerns associated with the request, as well as the security and transportation aspects of the request. Accordingly, the discretionary function exception to the FTCA applies in the present case with respect to the actions of Marshal Ard.

## III. CONCLUSION

For the foregoing reasons, this Court finds that Marshal Ard's decision to deny Bevley's surgery request was a protected discretionary activity exempted from suit under the FTCA. Not only was Ard's decision one involving judgment and discretion, but said decision was made based on considerations of public policy. Consequently, this Court finds that the "discretionary function" exception to the FTCA bars the Plaintiff's claim against the United States. Therefore, there is no genuine issue as to any material fact because this Court is devoid of subject matter jurisdiction over the instant action. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure be, and the same hereby is, **GRANTED.**

New Orleans, Louisiana, this _22nd_ day of March, 2001.

G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE